SAWYER (UNITED STATES v.). See Case No. 16,227.

---

# Case No. 12,411.

## SAXE et al. v. HAMMOND et al.

[Holmes, 456;[1] 1 Ban. & A. 629; 7 O. G. 781.]

Circuit Court, D. Massachusetts. Jan., 1875.

PATENTS—INFRINGEMENT — COMBINATION — MANUFACTURE OF ONE ELEMENT—FOR WHAT USE INTENDED—PRACTICE.

1. The manufacture of one of the elements of a patented combination, not proved to be made for use in connection with the other elements, is not an infringement of the patent for the combination.

[Cited in American Cotton-Tie Co. v. Simmons, 106 U. S. 95, 1 Sup. Ct. 57; Schneider v. Pountney, 21 Fed. 403; Snyder v. Bunnell, 29 Fed. 48; Syracuse Chilled Plow Co. v. Robinson, 35 Fed. 503; Hobbie v. Jennison, 40 Fed. 890. Approved in Robbins v. Columbus Watch Co., 50 Fed. 555. Cited in Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 152 U. S. 433, 14 Sup. Ct. 630.]

2. A patent for the application to organs, &c., of any means of agitating the air "by agency external to the wind-chest, which shall not prevent the flow of the air past the reeds," so as to produce a continuous tremulous note, instead of a succession of notes, is not infringed by the manufacture of a wooden fan capable of being so applied. unless the manufacture is proved to be for the purpose of such application.

3. Where, in a suit in equity on a patent, no infringement is found. the court will not pass upon the question of the novelty of the patented invention.

[This was a bill in equity by George G. Saxe and others against A. H. Hammond and others for the infringement of a patent.]

Whitney & Betts, for complainants.

Causten Browne. B. E. Valentine, and W. W. Blackmar, for defendants.

SHEPLEY, Circuit Judge. This bill in equity alleges that the defendants infringe certain letters patent, reissued to the complainants, as assignees of R. W. Carpenter, on the 5th of October, 1869, No. 3.665, for a "tremolo" attachment to musical instruments. The defendants deny infringement, and allege prior knowledge and use of the patented in-

---

[1] [Reported by Jabez S. Holmes. Esq., and by Hubert A. Banning. Esq.. and Henry Arden. Esq.. and here compiled and reprinted by permission.]

vention by La Fayette Louis and others, more than two years before the date of the application of R. W. Carpenter; and also, that the same invention and discovery, and the same devices described in said patent, and substantial and material parts thereof, were patented on the eighteenth day of November, 1856, to La Fayette Louis.

If the defendants could be held as infringers of the Carpenter patent—if it be a valid patent, and not anticipated by the devices which were made and used by La Fayette Louis at Chicago and other places—it would be necessary, carefully, to consider and decide upon the probative force and effect of the testimony in relation to those devices of Louis, which, if the testimony of the witnesses in relation to them is to be received. with full credit, acted substantially as agitators to, or reflectors of, the waves or currents of air passing through the reeds in the musical instrument, and not as valves to interrupt the continuity of the musical notes. If they operated in the way first described, they would seem to have operated in the same manner, and with the like result, as Carpenter's fan-tremolo, although Louis appears to have been ignorant of the philosophy of the operation—a want of knowledge which is imputable as well to Carpenter, and even to those who have the benefit of the theories (which are only claimed to be theories, of the most learned scientists who have testified as experts on this subject). If, however, the evidence in this record is not sufficient to charge the defendants as infringers of the complainants' patent, it is not necessary to decide that question in this case.

The defendants are manufacturers of supplies of materials which are elemental parts of organs and other musical instruments. They sell to the organ manufacturers. It is not claimed, that they have made any musical instruments, or sold any, in which the tremolo attachments of any kind are arranged, or to which they are applied in any manner. The complainants allege, that they (the complainants) have licensed large numbers of manufacturers to put these fans in their organs, and prove that they agreed to license every reputable manufacturer who should apply. There is no evidence, in this record, of a sale to an unlicensed manufacturer of organs. The thing made by the defendants is shown by the exhibit produced in the case; a wooden structure of the simplest kind, which is, in itself, no infringement, and which, in order to constitute an infringement of the complainants' patent, must be placed by an unlicensed manufacturer in a musical instrument, and placed in a certain position in that instrument, external to the wind-chest. A revolving fan is not new. All the defendants make, is a fan capable of being made to revolve. The complainants claim, as their invention, the application of any means to the musical instrument whereby the air may be agitated to produce a tremulous note "by

agency external to the wind-chest, which shall not check the flow of the air past the reeds," so as to give a continuous tremulous note, but not cut off the sound, and make a succession of notes, instead of a continuation of one note. Whether the fan made by the defendants, would infringe this claim, when placed in the instrument, depends upon the position and arrangement of it in the organ, whether or not it be placed external to the wind-chest; whether it be placed so as to cut off the sound and produce a succession of notes, or merely to agitate the air and vary the musical notes, without interrupting their continuity. Even if all these alternative conditions were on the side of infringement, there must be the additional element of a sale, for use, by an unlicensed manufacturer, which is not proved in this case.

The complainants rely upon the case of Wallace v. Holmes [Case No. 17,100]. There can be no doubt as to the soundness of the conclusions of the court in that case, or the cogency of the reasons given by the learned judge (Woodruff), in his opinion. But without rehearsing the facts in that case, it is sufficient to say, that they were very different from the case now before the court. The gist of the decision in that case was, that the actual concert of the makers of the different elements in the combination, was a certain inference from the facts in that case, and the distinct efforts of the defendants, to bring into use those elements of the combination which comprised the whole invention, although they could not be used without adding one other element, were found to be proved. No such state of facts is proved in this case, as has already been shown.

I must, therefore, repeat what I stated, to counsel, at the argument of the cause. As defendants only make one element of the patented invention, in order to hold them guilty, I must find proof connecting them with the infringement. Different parties may all infringe, by respectively making or selling, each of them, one of the elements of a patented combination, provided those separate elements are made for the purpose, and with the intent, of their being combined by a party having no right to combine them. But the mere manufacture of a separate element of a patented combination, unless such manufacture be proved to have been conducted for the purpose, and with the intent of aiding infringement, is not, in and of itself, infringement. A patent is valid for a new combination of old elements. A person who uses one or more of the old elements is not an infringer, unless he uses the new combination. Prouty v. Ruggles, 16 Pet. [41 U. S.] 336, 341; Byam v. Farr [Case No. 2,264]; Foster v. Moore [Id. 4,978]; Eames v. Godfrey, 1 Wall. [68 U. S.] 80. The use of a part, less than the whole, is no infringement.

I infer, from the remarks of counsel at the argument, that, although defendants deny infringement, and do not waive this defence, it is desired that the court should pass upon the question of the validity of the interfering pat-

ents for the respective inventions of Louis and Carpenter. If the court should find the complainants' patent to be valid, no decree could be made in their favor, as defendants do not infringe. To find the complainants' patent invalid, in a case in which the defendants do not infringe, would partake too much of the nature of a moot case.

Bill dismissed.

[For other cases involving this patent. see note to Hitchcock v. Tremaine, Case No. 6,538.]